IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| EUREKA WARE, | ) | 2022LA000742 |
| Plaintiff, | ) | |
| v. | ) | No. _____ |
| IMPACT FULFILLMENT SERVICES, | ) | |
| Defendants. | ) | |

## SUMMONS

To each defendant:   Impact Fulfillment Services
3101 Westway Drive
Edwardsville, IL 62025

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, Madison County Courthouse, 155 North Main Street, Suite 120, Edwardsville, Illinois 62025, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-Filing is now mandatory for documents in civil cases with limited exceptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov.FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date. 6/14/2022



WITNESS ~~/s/ Thomas McRae~~ , 2022

/s/ Terianne Edwards (Clerk of the Court)

By_____
(Deputy)

CATES MAHONEY, LLC
Attorneys at Law
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone:       (618) 277-3644
Facsimile:        (618) 277-7882

**EXHIBIT A**

SHERIFF'S FEES

(Service and return ............... $_____
(Miles _____ ...............
(Total............................. $_____

Sheriff of _____ County

I certify that I served this summons on defendant as follows:

(a) (Individual defendants -- personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.)

_____
_____
_____

(b) (Individual defendants - abode):
By leaving a copy of this Complaint at the usual place of abode of the defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the Complaint. (The officer of other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the Complaint, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the Complaint as left with such person.

_____
_____
_____

and also, by sending a copy of the Complaint in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode, as follows:

| Name | Mailing Address | Date of Mailing |
|---|---|---|
| | | |
| Name | Mailing Address | Date of Mailing |

(c) (Corporation defendants): By leaving a copy of this Complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Corporation | Officer/Agent | Date of Service |
|---|---|---|

(d) (Other service):

_____
_____

SHERIFF OF _____

BY _____

***EFILED***
Case Number 2022LA000742
Date: 6/13/2022 3:55 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| EUREKA WARE, ) | |
| Plaintiff, ) | 2022LA000742 |
| ) | |
| v. ) | No. _____ |
| ) | |
| IMPACT FULFILLMENT SERVICES, ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Eureka Ware, by and through her attorneys, Cates Mahoney, LLC, and for her Complaint against Defendant, Impact Fulfillment Services, states as follows:

## PARTIES

1. At all times relevant herein, Eureka Ware was a resident of St. Clair County, Illinois and a citizen of the State of Illinois.

2. Upon information and belief, at all times relevant herein, Defendant, Impact Fulfillment Services ("IFS"), was an Illinois corporation with its principal place of business located at 3101 Westway Dr., Edwardsville, Illinois 62025, and was and is a citizen of the State of Illinois.

3. At all times relevant herein, upon information and belief, Defendant, IFS, was a corporation, duly registered to conduct business in the State of Illinois; was conducting business in the State of Illinois; and continues to transact business in the State of Illinois, including Madison County, Illinois.

## GENERAL ALLEGATIONS

4. Upon information and belief, at all times relevant herein, IFS, operated a packaging and labelling services company.

5. At all times relevant herein, Plaintiff, Eureka Ware, was working as an employee for IFS as a continuous improvement specialist at their warehouse and production office in Edwardsville, Madison County, Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the subject matter pursuant to 735 ILCS 5/2-209(a)(1), (a)(2) and (a)(3) as Defendant transacts business in this State, committed tortious acts in this State, and/or own, use and possess real estate in this State.

7. Venue is proper in Madison County, Illinois, pursuant to 735 ILCS 5/2-101, in that all of the events, acts, and/or omissions giving rise to the claims herein occurred in Madison County, Illinois.

## COUNT I

### *Violation of the Illinois Human Rights Act – Sexual Harassment*
### *Eureka Ware v. Impact Fulfillment Services*

COMES NOW Plaintiff, Eureka Ware, by and through her attorneys, Cates Mahoney, LLC, and for Count I of her Complaint against Defendant, Impact Fulfillment Services., states as follows:

8. Plaintiff hereby incorporates Paragraphs 1 through 7 herein as though fully set forth hereunder.

9. On or about March 1, 2020, Plaintiff, was hired by Defendant, IFS, as a continuous improvement specialist.

10. At all times relevant herein, Undre Patterson was an employee of Defendant, and Plaintiff's supervisor.

11. On or about March 1, 2020 and continuing through May 5, 2020, Plaintiff's supervisor, Undre Patterson, began having sexually descriptive conversations at work in Plaintiff's presence, and began to make sexually suggestive comments and sexual advances towards Plaintiff.

12. At or about this time, Defendant's production supervisor, Undre Patterson, would constantly make comments about Plaintiff's physical appearance, including many leud comments about Plaintiff's buttocks and how he would like to have sex with Plaintiff.

13. Plaintiff informed Undre Patterson that his inappropriate sexual comments, requests, and advances were unwelcome and needed to cease immediately.

14. Despite Plaintiff's rejections, Undre Patterson continued the inappropriate sexual comments and advances.

15. On or about April 27, 2020, Plaintiff was standing in the office of Defendant's warehouse supervisor, Rhonda Palmer, when Undre Patterson came up from behind Plaintiff and groped her from behind and put his head on her shoulder.

16. Plaintiff immediately told Undre Patterson to stop, then she walked away in order to get away from him.

17. Plaintiff's supervisor, Rhonda Palmer witnessed this sexual harassment on April 27, 2020.

18. On April 27, 2020, Plaintiff notified the warehouse supervisor, Ms. Palmer, that Mr. Patterson had been sexually harassing Plaintiff, and that his behavior was inappropriate and unwelcome.

19. Despite Plaintiff's complaints of sexual harassment to Ms. Palmer and Undre Patterson, Mr. Patterson's sexually harassing behavior continued.

20. On April 28, 2020, Plaintiff was working on the production floor when Mr. Patterson again came up behind Plaintiff and began groping and touching her.

21. On April 28, 2020, after her encounter with Mr. Patterson, Plaintiff notified Human Resources of his sexually harassing behaviors.

22. At all times relevant herein, Undre Patterson's actions had created a hostile work environment, and Plaintiff was forced to endure his inappropriate, offensive and pervasive sexual comments and acts on an ongoing basis when she was working for IFS.

23. Despite Plaintiff's complaints of sexual harassment to IFS, they did not remedy the situation, and continued to schedule Plaintiff to work at the same time as Undre Patterson.

24. On or about May 5, 2020, Plaintiff was constructively discharged in that she was not willing to continue working for Defendant, IFS, as long as she had to continue working with Undre Patterson.

25. At no time did Plaintiff consent to the aforementioned sexual advances, sexual harassment or conduct by Undre Patterson and at no time was any of the intentional and unlawful conduct set forth herein justified.

26. Undre Patterson, as the production supervisor for Defendant, IFS, and thereby acting in a managerial capacity at the time of the aforementioned conduct, was acting as the alter ego of Defendant, IFS.

27. The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

28. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

29. The unlawful employment practices complained of above were intentional.

30. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

31. At all times relevant herein, Defendant, IFS, has continuously been an Illinois employer within the meaning of 775 ILCS 5/2-101.

32. At all times relevant herein, Undre Patterson, was an employee of Defendant, IFS, within the meaning of 775 ILCS 5/2-101.

33. Based on the extreme and outrageous conduct outlined above, Undre Patterson, as agent and employee of Defendant, IFS, sexually harassed Plaintiff, and as a result, IFS, has violated 775 ILCS 5/2-101, *et seq.*, commonly known as the Illinois Human Rights Act.

34. As a direct and proximate result of the aforesaid acts, Plaintiff was discriminated against in the terms of her employment on the basis of sex by Defendant, IFS, in violation of 775 ILCS 5/2-102.

35. Further, despite Plaintiff's complaints, Defendant, IFS, failed to take appropriate corrective action as a result of the aforesaid acts, and as a result of the above knowledge and conduct of Defendant, IFS, IFS has violated the Illinois Human Rights Act and is liable to Plaintiff for damages she suffered as a result of its inaction in the face of knowledge of the conduct complained.

36. Prior to the institution of this lawsuit, Plaintiff filed a charge with the Illinois Department of Human Rights (IDHR) alleging violations of Illinois Human Rights Act by

Defendant, IFS, and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

37. As a further direct and proximate result of Defendant IFS's violation of the Illinois Human Rights Act, Plaintiff was forced to endure multiple acts of sexual harassment by Undre Patterson; Plaintiff has suffered a loss of wages; severe emotional distress, mental anguish, and depression in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Eureka Ware, requests that judgment be entered on her behalf against Defendant, Impact Fulfillment Services for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), and for costs of suit and attorneys' fees.

Respectfully Submitted,

By: /s/ David Cates
David Cates #6289198
CATES MAHONEY, LLC
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone: 618-277-3644
Facsimile: 618-277-7882
E-Mail: dcates@cateslaw.com
*Attorneys for Plaintiff*